CERAMICA REGIOMONTANA, S.A., PLAINTIFF *v.* THE UNITED STATES, MALCOLM BALDRIGE, SECRETARY OF COMMERCE, LIONEL OLMER, UNDERSECRETARY OF COMMERCE FOR INTERNATIONAL TRADE, DEPARTMENT OF COMMERCE, GARY N. HORLICK, DEPUTY ASSISTANT SECRETARY OF COMMERCE FOR IMPORT ADMINISTRATION, JUDITH H. BELLO, ASSISTANT TO THE DEPUTY ASSISTANT SECRETARY OF COMMERCE FOR IMPORT ADMINISTRATION, WILLIAM VON RAAB, COMMISSIONER OF CUSTOMS, DEFENDANTS

Court No. 82-11-01497

Before NEWMAN, *Judge.*

(Dated December 13, 1982)

*Stein Shostak, Shostak & O'Hara (Irwin P. Altschuler* and *David R. Amerine,* Esqs., of counsel), for the plaintiff.
*J. Paul McGrath,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, and *A. David Lafer, Esq.,* for the defendants.

*Howrey & Simon (Kevin P. O'Rourke, David C. Murchison* and *John F. Bruce,* Esqs.), for the intervenor.

NEWMAN, *Judge:* Tile Council of America, Inc. ("TCA") has moved to intervene pursuant to rule 24(b) of the Rules of the Court of International Trade and 28 U.S.C. § 2631(j)(i) in this action in the nature of mandamus. TCA advances compelling reasons in support of its application.

It appears that TCA was the petitioning party in the countervailing duty proceedings before the International Trade Administration ("ITA") of the United States Department of Commerce in *Ceramic Tile from Mexico,* and was a participant in those proceedings as an interested party. Further, it appears that TCA opposed the post-investigation requests of the Government of Mexico and Ceramica Regiomontana made here to the ITA, which are the subject of this action, that the countervailing duty being imposed against imports of ceramic tile from Mexico be immediately reduced; and more, that TCA has heretofore intervened and actively participated in Court No. 82–6–00857 (involving these very parties) which action concerns the final determinations entered in the *Ceramic Tile from Mexico* proceeding.

Inasmuch as TCA was a party to the ITA's investigation in *Ceramic Tile from Mexico,* TCA "may intervene as a matter of right" in accordance with 28 U.S.C. 2631(j)(i). Plaintiff's objection to the proposed intervention on the ground that TCA could not be adversely affected or aggrieved by a decision in this case which plainly would alter the effect of the Final Affirmative Determination by the ITA is completely without merit.

Under all the facts and circumstances disclosed by the papers before the Court, TCA is clearly entitled to intervene in this action.

Accordingly, TCA's motion is granted.